# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINDSEY LANKOWSKY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cv-08023 |
| ) | |
| CITY OF CHICAGO and ) | Judge Sharon Johnson Coleman |
| KENT LEININGER ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lindsey Lankowsky ("Lankowsky") filed a complaint in the Circuit Court of Cook County against the City of Chicago ("the City") and Kent Leininger ("Leininger") alleging that Leininger, as a tow truck driver for the City, illegally towed and impounded Lankowsky's car. The City and Lankowsky (collectively "Defendants") thereafter removed the case to federal court. On July 9, 2015, this Court dismissed the only federal claim in Lankowsky's five-count complaint, and granted her until August 10, 2015 to file an amended complaint. Lankowsky failed to do so. For the reasons stated below, the Court now *sua sponte* remands this matter to the Circuit Court of Cook County.

**Background**

The following is a summary of the procedural history of this matter. Lankowsky filed her complaint in state court on July 10, 2014. Counts I-IV of the complaint alleged state tort claims against Leininger. Count V was brought pursuant to 42 U.S.C. §1983, alleging the City and Leininger violated Lankowsky's Fourth Amendment rights when they illegally seized her car. The City and Leininger (collectively "Defendants") removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 on the basis that this Court has original jurisdiction because Count V raises

questions of federal law. On December 10, 2014, Defendants filed a motion to dismiss Count V of the complaint. (Dkt. 15). On January 13, 2015 Lankowsky filed a motion for leave to amend her complaint, conceding that Count V of the original complaint did not sufficiently plead a federal cause of action. (Dkt 20). In violation of Local Rule 5.3(2)(b), Lankowsky did not accompany her motion with a notice of presentment and accordingly no date was set to hear the motion. The court then held a status hearing on June 22, 2015 at which Lankowsky failed to appear. Following a July 6, 2015 status hearing, Lankowsky again *in absentia*, the Court granted Defendants motion as unopposed and dismissed Count V of the complaint. (Dkt. 24). Per an order entered on July 9, 2015, the Court allowed Lankowsky 30 days to amend the complaint. On August 10, 2015, Lankowsky for a third time failed to appear at a status hearing before this Court and failed to file an amended complaint before the end of the day. The Court now remands Counts I-IV of Lankowsky's complaint.

**Legal Standard**

When all federal claims in a matter have been dismissed or otherwise resolved prior to trial, a federal court should ordinarily relinquish jurisdiction over the remaining pendant state claims. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). Courts should depart from this general rule and retain jurisdiction when substantial judicial resources have been expended on the state claims or it is obvious how those claims should be decided on the merits.[1] *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007).

If the case was originally filed in state court and removed, a court that declines to exercise jurisdiction over state law claims has the option of either dismissing the case or remanding it back to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). A court should elect the option

---

[1] Older cases also note that a federal court should retain jurisdiction when the statute of limitations would bar the refiling of the state law claims in state court. *See e.g., Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). This concern has been resolved by the enactment of 28 U.S.C. 1367(d), which tolls the statute of limitations at least until 30 days after the court has relinquished jurisdiction. *Garrity*, 479 F.3d at 907.

that will best accommodate the values of "economy, convenience, fairness, and comity." *Id.* Remand is generally preferred to dismissal because dismissal "will increase both the expense and time involved in enforcing state law." *Id.* at 353. *See also Piekosz-Murphy v. Bd. of Educ. of Cmty. High Sch. Dist. No. 230,* 858 F. Supp. 2d 952, 963 (N.D. Ill. 2012) (Lefkow, J.) (remand is preferable to dismissal because it would serve no purpose to require the plaintiff to refile his case).

**Discussion**

Lankowsky has failed to appear without explanation at three status hearings before this Court and has failed to comply with the deadline for filing an amended complaint. No action has been taken by Lankowsky on this case in the past eight months. Had this case been filed in federal court, this Court would dismiss the action for want of prosecution. *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). But here, the Court must consider the state's interest in enforcement of state law. Thus, it is more appropriate for the state judiciary to determine whether Lankowsky is pursuing her state law claims with sufficient zeal.

**Conclusion**

For the foregoing reasons, the Court remands Counts I-IV of the complaint to the Circuit Court of Cook County.

IT IS SO ORDERED.

							_____
							SHARON JOHNSON COLEMAN
							United States District Judge

DATED: August 13, 2015